PEOPLE OF PUERTO RICO EX REL. BAUTISTA ROSARIO, Petitioner and Appellant, v. LUIS FERRER, Respondent and Appellee.

No. 6176. Argued March 16, 1933.—Decided April 25, 1934.

*Luis F. Camacho* for appellant. *Tomás Bernardini de la Huerta* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

This was a *quo warranto* proceeding instituted, as usual, with the consent of the Attorney General. The relator attacked the action of the Municipal Assembly of Cidra in naming Luis Ferrer one of the members of the said assembly. The District Court of Guayama, presided over by Tomás Torres Pérez as acting judge, supported the action of the municipal assembly and annulled the writ of *quo warranto* previously issued.

The law of Puerto Rico provides that the Municipal Assembly shall fix the days for its ordinary sessions. By an ordinance the assembly fixed its ordinary meetings for January 16 to January 26.

For reasons which it is unnecessary to set forth the Municipal Assembly of Cidra did not meet on any day within the period of January 16 to January 26. The record shows that on the fifth of February, four of the members of the assembly

met, and by a vote of three, named Luis Ferrer as one of the members of the said assembly.

There is no question that when a municipal assembly meets in an ordinary session it may fill vacancies. The relator, however, maintains that the meeting that took place on February 5 was not an ordinary one, was not duly called, and had no excuse for its existence. There is no question that in Puerto Rico the only way to hold an ordinary session of a municipal assembly is by its meeting on the days fixed by the assembly itself. The statute provides that the assembly should fix the days for its ordinary sessions, and the Municipal Assembly of Cidra did so by ordinance. The appellee does not question that the meeting that took place on February 5 was not an extraordinary session of the assembly.

The record tends to show that there was no due call and that the purposes of the meeting were never notified to the members of the assembly. We therefore conclude with the relator that the so-called meeting of February 4 was not an ordinary or extraordinary one, was not a legal one, and that the naming of Luis Ferrer was null and void.

We, however, agree with the appellee, although with some doubts, that if a meeting is duly called the members present, if they constitute quorum, may fix another day for an ordinary meeting.

Likewise we are inclined to agree that, under the state of the law in Puerto Rico, the four members who gathered together would have constituted a quorum, although the assembly was composed of nine members, if the meeting was duly called.

The Municipal Law in force provides that the members of the municipal assemblies shall take their seats on the second Monday of January following the November elections. There was an election in November 1932, and the new assemblymen presumably took their seats on the 11th of January

1933. This case was not called for hearing in this court until after said date. Therefore, the issue raised is in reality academic.

. The writer moreover seriously doubts whether the appeal in this case was duly taken. The notice of appeal says: "The relator, the People of Puerto Rico, at the instance of Bautista Rosario, by its undersigned attorney notifies . . ." and then Luis F. Camacho signs as attorney for the relator. The law of *quo warranto* says that appeals may be taken as in other cases. The only party in the case is the People of Puerto Rico, acting at the instance of a relator. The relator, of course, was not the People of Puerto Rico, but Bautista Rosario. The People of Puerto Rico, when it appeals, acts through the Attorney General. The idea is that just as the Attorney General has the right to institute the *quo warranto* proceedings, he also should have a right to decide whether he should or should not appeal from the decision of the district court.

Holding, however, that the appeal is academic, it should be dismissed.